IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LUKE ESTES and JENNIFER ESTES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-MC-3930-WKW-KFP |
| | ) | |
| 3M COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant 3M Company's Motion to Transfer Under Rule 45(f), which seeks to transfer the United States' motion to quash the subpoena served on its employee, Lieutenant Colonel Kara Cave, to the issuing court in the Northern District of Florida. Doc. 5. The United States filed a response to the motion (Doc. 11), and 3M filed a subsequent reply (Doc. 12). Upon review of these submissions and the relevant law, the undersigned RECOMMENDS that the motion to transfer be GRANTED.

3M is a defendant in a multi-district litigation ("MDL") involving over 200,000 plaintiffs currently pending in the Northern District of Florida. *See In re 3M Combat Arms Earplugs Products Liability Litigation*, No. 3:19-md-2885 (N.D. Fla.). In October 2020, 3M issued a subpoena to LTC Cave, an audiologist for the Department of Defense currently stationed at Fort Rucker in Alabama, to testify at a deposition regarding her prior treatment and knowledge of a bellwether plaintiff in the MDL. Doc. 1-1. The United States moved to quash the subpoena, arguing that (1) the Department of Defense's denial of 3M's deposition request was neither arbitrary nor capricious; (2) the subpoena is unduly

burdensome and duplicative; and (3) the subpoena did not provide a reasonable time to respond. Doc. 1 at 1.

Shortly after the United States filed its motion to quash the subpoena, 3M filed its motion to transfer, arguing that the motion to quash should be adjudicated by the district judge presiding over the MDL. Doc. 5. The undersigned agrees. Rule 45 of the Federal Rules of Civil Procedure provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The term "exceptional circumstances" is not defined in Rule 45(f); however, the Advisory Committee Notes to the 2013 amendments provide guidance by stating that, while the "prime concern" when considering transfer "should be avoiding burdens on local nonparties subject to subpoenas," in "some circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion" and "the proponent of transfer bears the burden of showing that such circumstances are present." *Id.*

3M has demonstrated the existence of exceptional circumstances here, as the motion to quash is indicative of numerous similar and successive motions[1] that the MDL judge

---

[1] 3M has issued dozens of subpoenas to other federal employees from numerous jurisdictions relating to 24 bellwether plaintiffs, and the United States has filed at least 12 motions to quash in relation to those subpoenas. Doc. 12 at 1. All seven district courts who have issued a decision on whether to transfer a motion to quash to the Northern District of Florida have granted the transfer. *Id.*

can most efficiently and effectively resolve. *See, e.g., In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017) ("[T]he MDL status of the underlying litigation is surely an 'exceptional circumstance' that weighs strongly in favor of transfer to the Issuing Court under Rule 45(f), because the same concerns about orderliness and disruption that led to the consolidation of actions as an MDL in the first place arise with respect to pretrial disputes regarding subpoenas issued in the context of that complex litigation."); *In re Niaspan Antitrust Litig.*, No. JKB-15-1208, 2015 WL 3407543, at *1 (D. Md. May 26, 2015) ("[W]here the underlying action is a multidistrict litigation, transfer may be warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes."); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("[C]ourts have found exceptional circumstances warranting transferring subpoena-related motions to quash when transferring the matter is in 'the interests of judicial economy and avoiding inconsistent results.'"); 28 U.S.C. § 1407(b) ("[C]oordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom [the MDL is] assigned."). Indeed, having considered "(1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether [LTC Cave] will suffer undue burden or cost if the dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule" on the dispute, the undersigned finds that the judicial interest in avoiding disruption of the pending MDL outweighs any stated interest in resolving the motion to quash locally. *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 376. Thus, transfer to the Northern District of Florida is warranted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      3M's Motion to Transfer Under Rule 45(f) (Doc. 5) be GRANTED; and

2.      The clerk be directed to transfer the motion to quash to the United States District Court for the Northern District of Florida for disposition in connection with *In re 3M Combat Arms Earplugs Products Liability Litigation*, Case No. 3:19-md-2885.

It is further

ORDERED that on or before **January 12, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 29th day of December, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE